UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SCOTT MOMPER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0063 |
| | § | |
| AMADONNA MOMPER | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

This lawsuit arises out of a divorce petition and custody dispute filed by Amadonna Momper in the 306th Judicial District Court of Galveston County, Texas, on November 1, 2016. On February 28, 2017, Scott Momper, pro se, filed a "Notice of Petition; and, Verified Petition for Warrant of Removal."

Momper contends that removal of the action from state court is proper because this Court has jurisdiction over questions arising under federal law, including the United States Constitution. Momper contends that the case presents issues relating to "various willful, systemic deprivations of fundamental rights guaranteed by the Federal Constitution, and/or by federal law, and which violations are civil violations of 42 U.S.C. § 1983, and that are also criminal violations of 18 U.S.C. §§ 241 and 242." Along with his notice of removal, Momper has attached the docket sheet from the state court action, as well as a set of "Agreed Temporary Orders" the state court entered on January

6, 2017. He does not, however, attach the Original Petition for Divorce, nor the other pleadings filed in state court, including a counter-petition that he filed.

On March 30, 2017, Amadonna Momper filed a motion to remand this case back to state court. Dkt. 14. She contends that the notice of removal was defective, untimely, and unwarranted. The Court agrees.

## ANALYSIS

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151. Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id*. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of

citizenship exists. 28 U.S.C. § § 1331, 1332. This case was removed on the basis of federal question jurisdiction, *i.e.*, that the case arises under federal law.

When determining whether a claim "arises under" federal law, courts are to reference the well-pleaded complaint. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986) (citing *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 -10, 103 S. Ct. 2841, 2846–47, 77 L. Ed.2d 420 (1983)). In this regard, an action is said to "arise under" federal law within the meaning of § 1331 if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or requires resolution of a substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Board*, 463 U.S. at 12, 103 S. Ct. at 2848).

The "arising-under" provision for federal-question jurisdiction is invoked "by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). But a court can determine that a state-law claim "arises under" federal law if the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. "In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338

(5th Cir. 2008); *see also Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017) ("Only in a 'special and small category' of cases will federal jurisdiction exist when state law creates the cause of action.") (quoting *Gunn v. Minton*, ––– U.S. ––––, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013)).

1. **Defect in Removal under § 1446(a)**

Momper's Notice of Removal includes the state court docket sheet and a small selection of the documents from state court. It does not include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C.A. § 1446(a). It does not include the Original Petition, the Temporary Restraining Order, the Wage Withholding Order, or the Order Setting Hearing. Such a defect, however, is not necessarily grounds for remand. *See Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958); *Banik v. Tamez*, 7:16-CV-00462, 2016 WL 6122729, at *9 (S.D. Tex. Oct. 20, 2016) (setting out cases after *Covington*).

2. **Timeliness of Removal**

Notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1441(b). Momper does not allege the date he was served or received a copy of the initial pleading in the case, nor does the docket sheet in the state court action reflect that

service was returned. However, Momper filed an original answer in the state court on November 2, 2016, and a counter-petition on November 14, 2016, but he did not file his Notice of Removal until February 28, 2017. Accordingly, the Court finds that the removal of this case was untimely. *See, e.g., Bebee v. Motorola Sols., Inc.*, 4:16-CV-763, 2017 WL 1180428, at *2 (S.D. Tex. Mar. 29, 2017) (calculating timeliness of removal from Texas state court by determining the date upon which removing defendant made an appearance in the state court action, noting that "Under Texas law, a defendant may waive service (and therefore start the 30–day removal clock) by entering an appearance.") (citing *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210–11 (5th Cir. 2005)).

### 3. Lack of Subject Matter Jurisdiction

Most significant here is the lack subject matter jurisdiction supporting removal. As noted above, this Court is one of limited jurisdiction, and the right to remove from state court is subject to those constraints. Simply put, there is no basis upon which this Court may exercise subject matter jurisdiction over the removed case. This is a divorce proceeding and child custody dispute in state court that is still in its early stages. Under the applicable Fifth Circuit precedent, there is no federal question presented here.

### CONCLUSION

Accordingly, the Court finds that it lacks subject matter jurisdiction over this lawsuit. The Court therefore **REMANDS** this action to the 306th Judicial District Court of Galveston County, Texas. The Court further directs the Clerk of Court to remand this action in accordance with the usual procedure.

Plaintiff has not requested attorney's fees and costs incurred as a result of the improper removal, and the Court awards none at this time. However, if further motions are filed after this remand, the Court may determine that an award of attorney's fees or costs is appropriate.[1]

**ALL PENDING MOTIONS ARE DENIED AS MOOT.**

SIGNED at Galveston, Texas, this 16th day of May, 2017.

*[signature]*
George C. Hanks Jr.
United States District Judge

---

[1] Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only," and should only be awarded if the removing party lacks an objectively reasonable basis for removal. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005); *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)).